## NEW YORK SUPERIOR COURT.

THOMAS BUTLER, respondent, agt. GEORGE W. NILES, appellant.

A motion may be made at special term to *modify* a judgment, after final judgment has been entered.

The *order* modifying such a judgment is not *appealable* to the general term.

*Heard General Term, December,* 1864. *Decided December* 31, 1864.

*Before* MONCRIEF, GARVIN *and* McCUNN, *Justies.*

THIS is an appeal from an order made by Chief Justice ROBERTSON. The facts will appear in the opinion of the court.

A. R. DYETT, *for appellant.*

D. M. PORTER, *for respondent.*

By the court, MONCRIEF, J. On the 9th of November, 1863, after a trial of the issues in this action, a direction and adjudication was made by a justice of this court sitting at a special term without a jury, which, among other things,

allowed the plaintiff *five days after notice thereof*, to sign and file a certain stipulation, and " in case the said plaintiff shall decline or refuse to sign and file such stipulation," it was adjudged that the complaint be dismissed, &c. It seems a judgment record in the action was filed the same day. This was irregular; there was not on the 9th November, 1863, a final determination of the rights of the parties to the action, from which on that day an appeal could have been taken to the general term. The adjudication was not final until the expiration of five days after it was announced. In analogy to the old common law practice, the direction was a judgment *nisi*, and to the equity practice which would call the adjudication a decretal *order*, not a *final* decree.

After the expiration of the time given to the plaintiff, and non-compliance with the direction, I am of opinion no further action on the part of the court, or of any judge thereof, was necessary. The defendant became entitled by the very terms of the order to judgment of dismissal. The justice who tried the issues, either had made such a direction on the 9th of November, 1863, as finally to pass upon them, or he had not. If the former, there remained nothing for such justice to do; if the latter, then the proceedings had before him were a mis-trial, and neither he or any other justice could supply the · defect, there would necessarily be a new trial. The application to set aside or open the judgment upon the allegation that two judgments had been given, as a ground of irregularity, must have been denied, because the justice before whom the motion was made, and under which the order of 5th August, 1864, was entered, treated the application as if a stay of proceedings had been ordered, and finding proper occasion therefor, " permitted judgment to be entered." *There was no adjudication of the issues* or the action by the learned justice who disposed of the motion under the order of August 5th, 1864.

Whether or not upon the merits some relief might and should have been given, depends upon the inquiry, first, whether the court had the power; and, second, if it had, whether the case as presented by the plaintiff warranted its exercise, and what was done was fairly within its limits. The court of appeals in *The New York Ice Company* agt. *The Northwestern Insurance Company* (23 *N. Y. R.* 357), said : " It is suggested in the opposing papers that the judgment had become *perfect and final before* the motion was made," and did not see the force of the suggestions. The judgment was perfect as soon as pronounced and entered. It would become final when the time for appealing should expire. \* \* \* It thought the power of the court (below) to modify or amend the judgment *could not be questioned.* Even if the time for appealing had expired, that court was by no means prepared to admit that this power would be lost. At all events, so long as the judgment was subject to an appeal it was subject to such corrections and modifications as the court which *pronounced* it might, in *its discretion, think proper to make.* The administration of justice would be *extremely imperfect if this power did not exist."*

If the power did exist, it is difficult to understand why its exercise should be questioned. The court having passed upon the matters of fact presented, and adjudicated upon their sufficiency, and it appearing that relief has been given to a party whose fault or omission was excusable, and intending to do justice to both parties as directed in the adjudication upon the trial, as the time within which the plaintiff could make and file his stipulation had expired, "justice plainly required," under the circumstances detailed in the papers, that he should be put in the same or a similar situation as at the trial, and as it was not done within the time limited at the time of the trial, " it was just that the omission should be supplied afterwards." Again, following the decision just freely quoted, we are of

opinion that the general term had no right to entertain the appeal at all from the order at special term.   " That order in its substance and nature simply allowed " an opportunity for the plaintiff to sign and file his stipulation which he had omitted to do, in furtherance of the justice of the case.   " Such orders rest in the discretion of the court which makes them, and they involve no substantial right, and they are not reviewable upon appeal.   They do not belong to either class of orders which, according to the Code, may be re-examined at the general term."   The learned judge at the trial, could, with the same justice and propriety have given three hundred instead of five days, within which the stipulation should be signed and filed, and hence there was no substantial right of the defendant's overlooked, or injustice done to him, when the time actually allowed having expired, and in the opinion of the court sufficient excuse was given for the omission to comply within such time, a further day was allowed within which justice should be extended to the parties in the action.

The order must be affirmed.